**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEAN-CLAUDE SAFARI ZOZO, GERMAINE UNGAOBE BUMBU, EMILE KASOLOLO BIN MWANI, ARSENE MWAKA ZIHALIRWA, ADELE BISHARHWA NABINTU, AND MAGNIFICAT BANTU BISOMERINE, on behalf of 274 victims of alleged crimes against humanity,<br><br>Applicants,<br><br>v.<br><br>WILDLIFE CONSERVATION SOCIETY,<br><br>Respondent. | Case No. 1:24-mc-00246 (AKH)<br><br>**ECF Case** |

**STIPULATION A~~ND [PROPOSED]~~ ORDER CONCERNING THE FORMAT OF
PRODUCTION OF DOCUMENTS**

**WHEREAS,** on June 5, 2024, the applicants, 274 purported victims of crimes against

humanity proceeding through their attorneys-in-fact Jean-Claude Safari Zozo, Germaine Ungaobe

Bumbu, Emile Kasololo Bin Mwami, Arsene Mwaka Zihalirwa, Adele Bisharhwa Nabintu and

Magnificat Bantu Bisomerine (collectively, "Applicants") commenced this proceeding pursuant to

28 U.S.C. § 1782 (the "1782 Proceeding") for authority to conduct discovery in this District against

Wildlife Conservation Society ("Respondent" or "Wildlife") for use in the criminal prosecutorial

investigation opened by the Office of the Military Prosecutor (the Auditorat Militaire Supérieur, or

the "AMS") of Bukavu in the Democratic Republic of Congo, designated as Dossier RMP

2816/MAK/2022/KND/ANG/2023 (the "DRC Investigation") (ECF 5);

IT IS HEREBY STIPULATED AND AGREED by and among Applicants and Wildlife by

their respective undersigned counsel, as follows:

1.      *Production of Electronically Stored Information* ("ESI"). As used herein, the term "ESI" includes, but is not limited to, e-mails and attachments, voice mail, instant messaging and other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, phone text messages, Internet usage files, offline storage or information stored on removable media, information contained on laptops or other portable devices and network access information and backup materials, native files and the corresponding metadata which is ordinarily maintained. As the term is used herein, ESI is not to be deemed "inaccessible" based solely on its source or type of storage media. Inaccessibility is based on the burden and expense of recovering and producing the ESI and the relative need for the data.

2.      Wildlife's production of ESI, including without limitation electronically stored documents, files or information shall be made in accordance with the following specifications:

a.  *General Document Format.* Each electronic document shall be produced in black- and-white single-page Group IV Tagged Image File Format ("TIFF") format, at its original resolution or with at least 300 dots per inch (dpi). TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

b.  *De-duplication and De-nisting.* Wildlife is only required to produce a single copy of a responsive document and may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document family level) across volumes. To the extent that de-duplication through MD5 or SHA-1 hash values is not possible, the parties shall meet

and confer to discuss any other proposed methods of de-duplication. Common system and program files as defined by the NIST library need not be processed, reviewed or produced.

c. *Most Inclusive Email Productions*: Email threads are email communications that contain prior or lesser-included email communications that also may exist separately in the Party's electronic files. A most inclusive email thread is one that contains all of the prior or lesser-included emails, including attachments, for that branch of the email thread. Respondent is permitted but not required to use threading for its productions.

   i. For the avoidance of doubt, only email messages for which the parent document and all attachments are contained in the more inclusive email message will be considered less inclusive email messages that need not be produced. If the later in time message contains different text (such as where the later message adds in-line comments to the body of the earlier message), or does not include an attachment that was part of the earlier message, the earlier message must be produced.

d. *Bates Numbering*. Bates numbers shall be unique IDs with a prefix that can readily be attributed to Wildlife. Bates numbers shall be sequential.

e. *Text-Searchable Documents*. To the extent Wildlife's documents are text-searchable, or whether because Wildlife's documents already exist in text-searchable format independent of this proceeding, then such documents shall be produced in the same text-searchable format at no cost to Applicants. In the case of files with redacted text, OCR'ed text of the redacted documents may be provided in lieu of extracted text.

f. *Native Files*. Documents that cannot be rendered to TIFF format, that cannot be produced at their original resolution in TIFF format, or that cannot be legibly rendered in TIFF format will be produced in native form. For each document produced in native format, Respondent shall also produce a corresponding cover page in TIFF format, specifying that the document has been "produced in native format" and endorsed with the Bates Number and Confidentiality Designation, if applicable, which will be inserted into the image population in place of the native file.

g. *Color*. Respondent may elect to produce documents in color in single-page JPEG format. Upon written request from the Applicants that identifies a reasonable number of individual documents at issue by Bates number, Respondent shall produce color images for those documents.

h. *Confidentiality Designation*. Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order entered in this proceeding. Each responsive document produced in native format will identify the confidentiality designation in the filename of the native file.

i. *Password Protections*. Respondent will use commercially reasonable efforts to open password-protected or encrypted files, including commercially accessible software, when appropriate and feasible.

j. *Metadata*. Wildlife shall extract, and produce a .dat file that contains the following metadata for each ESI document, if available and accessible:

| Field Order | Field Name | Description | Example |
|---|---|---|---|
| 1 | BEGDOC | The beginning bates number of this document | ABC00000001 |
| 2 | ENDDOC | The last bates number of this document | ABC00000010 |
| 4 | BEGATTACH | The beginning bates number of the document family | ABC00000001 |
| 5 | ENDATTACH | The last bates number of the entire document family | ABC00000027 |

| 6 | CUSTODIAN | Custodian to which the data is associated to. | John Doe |
|---|---|---|---|
| 7 | ALLCUSTODIANS | All Custodians to which the data is associated to pre de-duplication | John Doe; Jane Doe; James Downs |
| 8 | PARENTDATETIME | Date and time is propagated from parent to any children.<br><br>Date in US format mm/dd/yyyy<br><br>The time is formatted in US format: hh:mm:ss | 02/24/2022 11:20:30 |
| 9 | RECORDTYPE | Type of electronic record: | Email, Attachments, eDoc |
| 10 | FROM | Author of the e-mail message | Mary.Smith@hotmail.com |
| 11 | TO | Main recipient(s) of the e-mail message, by email address. | JohnDoe@gmail.com |
| 12 | CC | Recipient(s) of "Carbon Copies of the e-mail message. | Michael123@yahoo.com |
| 13 | BCC | Recipient(s) of "Blind Carbon Copies" of the e-mail message. | helpdesk@omnivere.com |
| 14 | SUBJECT | Subject of the e-mail message. | Fw: Urgent |
| 15 | DATESENTTIME | Date and time when the email was sent. The date is formatted in US format: mm/dd/yyyy<br><br>The time is formatted in US format: hh:mm:ss | 02/24/2022 11:20:30 |
| 16 | FILEEXT | File extension of native file. | .msg, .pst, .xls |
| 17 | AUTHOR | Author field from metadata of a native file. | Msmith |
| 18 | DATECREATEDTIME | Date and time when the file was created. The date is formatted in US format: mm/dd/yyyy<br><br>The time is formatted in US format: hh:mm:ss | 02/24/2022 11:20:30 |
| 19 | DATEMODTIME | Date and time when the file was last modified. The date is formatted in US format: mm/dd/yyyy<br><br>The time is formatted in US format: hh:mm:ss | 02/24/2022 11:20:30 |
| 20 | DATEACCSSDTIME | Date and time when the file was last accessed. The date is formatted in US format: mm/dd/yyyy<br><br>The time is formatted in US format: hh:mm:ss | 02/24/2022 11:20:30 |
| 21 | DATEPRINTED | Date when the file was last printed. The date is formatted in US format: mm/dd/yyyy | 02/24/2022 |
| 22 | FILESIZE | Size of native file, in bytes | 2546683 |
| 23 | PAGECOUNT | Number of pages | 3 |
| 24 | FILEPATH | Path to where native files were originally stored. Path should include file name. | J:\Shared\SmithJ\Oct.doc |
| 25 | INTFILEPATH | Populated for email only. The internal path to the original location for the email including original name. | Personal Folders\Deleted Items\Board Meeting.msg |
| 26 | FILENAME | Original filename of native file. Contains subject of e-mail message for e-mail records. | Real estate holdings.xlsx |
| 27 | INTMSGID | Internet Message ID assigned to an e-mail message by the outgoing mail server. | D1798B7E850699CBE@XXX.domain.net |
| 28 | THREADID | Populated for email only. The unique thread ID assigned to the email thread by the email system, if available. | |

| 29 | SENDERSMTP | SMTP sender of the e-mail message | @hotmail.com |
|----|------------|----------------------------------|--------------|
| 30 | MD5HASH | Unique identifier, similar to a fingerprint, extracted from all files. | D564668821C34200FF3E32C9BFDCCC80 |
| 31 | NATIVELINK | Path to where the native document is stored, for mapping | Native\EFXAA00000001.msg |
| 32 | TEXTPATH | Path to the extracted text for the document, for mapping | Text\EFXAA00000001.txt |

ii. *Time Zone.* The metadata produced for all ESI will reflect the UTC.

iii. *Privileged Material.* Any metadata fields containing privileged information may be redacted. The parties will meet and confer with respect to assertions of claims of privilege, including pursuant to Local Civil Rule 26.2(c).

iv. *Family Relationships.* Family relationships between documents (*i.e.*, the association between an attachment and its parent document) shall be preserved to the extent available and reflected in the produced metadata (*i.e.*, in the fields BEGATTACH and ENDATTACH).

v. *Linked Documents.* Linked files or "modern attachments" (i.e., hyperlinks pointing to files stored in the cloud or a shared repository such as SharePoint and other types of collaborative data sources, instead of being directly attached to a message as has been historically common with email communications) are not child documents in the traditional sense, both because the data resides in a different location than the document linking to it, and because that may have been modified since the document linking to it was created or sent. If after production, the Applicants believe particular embedded file(s) and/or modern attachment(s) are responsive, non-privileged and are not duplicative of any other source, the Parties shall meet-and-confer to assess collection of the identified embedded file(s) and/or modern attachment(s), including assessing burden and cost, and, if applicable, production format. The Parties understand that existing tools may not be able to provide historical document

versions that correspond to the document as circulated when the hyperlink was provided. There is no obligation for a party to obtain copies of hyperlinked documents that are within the possession, custody and/or control of third parties.

vi. *Metadata Changes.* Wildlife shall produce a list of any changes to metadata that have occurred during the process of extracting metadata. An inadvertent change in metadata that results solely from the process of extracting metadata for production in this proceeding shall not constitute a violation of this agreement. In the event of any such changes, the parties shall meet and confer concerning the appropriate method of restoring the metadata, if any.

k. *Retention of Original Documents.* Wildlife shall retain native electronic source documents for all electronically stored information produced in this proceeding. Wildlife will use reasonable measures to maintain the original native source documents in a manner so as to preserve the metadata associated with these electronic materials as it existed as the time of the original production in the event the review of such metadata becomes necessary.

3. *Production of Hard Copy Documents.* Documents that exist in hard copy format only shall be scanned and produced as single-page Group IV TIFFs, with at least 300 dpi. Each TIFF image shall be named according to the corresponding Bates number associated with the document. Each image shall be branded according to the Bates number and applicable confidentiality designation. TIFFs shall show all text and images that would be visible to a user of the hard copy documents. The documents should be unitized as they currently physically exist in the ordinary course of business.

**STIPULATED AND AGREED:**

Dated: New York, New York
       January 21, 2026

EarthRights International

By:    */s/ Sydney Speizman*
        Sydney Speizman
        Benjamin Hoffman
        1400 K St NW, Suite 750
        Washington, D.C. 20005
        Telephone: (202) 466-5188
        Facsimile: (202) 466-5189

        *Attorneys for Applicants*

KIRKLAND & ELLIS LLP

By:    */s/ Aaron Marks, P.C.*
        Aaron Marks, P.C.
        601 Lexington Avenue
        New York, New York 10022
        Telephone: (212) 446-4800
        Facsimile: (212) 446-4900

        *Attorneys for Respondent*
        *Wildlife Conservation Society*

SO ORDERED.

Dated: _Feb 5_ , 2026

_____
HON. ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE