UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEAN-CLAUDE SAFARI ZOZO, GERMAINE UNGAOBE BUMBU, EMILE KASOLOLO BIN MWANI, ARSENE MWAKA ZIHALIRWA, ADELE BISHARHWA NABINTU, AND MAGNIFICAT BANTU BISOMERINE, on behalf of 274 victims of alleged crimes against humanity,<br><br>Applicants,<br><br>v.<br><br>WILDLIFE CONSERVATION SOCIETY,<br><br>Respondent. | Case No. 1:24-mc-00246 (AKH)<br><br>**ECF Case** |

## STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER

This stipulation and protective order (the "Stipulation") is entered into by and between the applicants, 274 purported victims of crimes against humanity proceedings through their attorneys-in-fact Jean-Claude Safari Zozo, Germaine Ungaobe Bumbu, Emile Kasololo Bin Mwami, Arsene Mwaka Zihalirwa, Adele Bisharhwa Nabintu and Magnificat Bantu Bisomerine or subsequently designated attorneys-in-fact (collectively, "Applicants"), Wildlife Conservation Society ("Respondent" or "Wildlife"), and their undersigned counsel.

IT IS HEREBY STIPULATED AND AGREED BY APPLICANTS AND RESPONDENT (each a "Party" and collectively, the "Parties"), AND ORDERED BY THE COURT, THAT:

**A. SCOPE**

1. This Stipulation shall govern the handling of all documents (including all "documents" as defined in Fed. R. Civ. P. 34(a)), deposition testimony, discovery responses and

other materials, including all copies and excerpts thereof (collectively "Material")) produced or provided by Respondent (in such capacity, a "Producing Party") in response to a subpoena or court order (or otherwise) in the above-captioned proceeding (the "1782 Proceeding").

2.      The Material produced or provided by Respondent shall be handled in accordance with this Stipulation, and shall be used by the Receiving Party (Applicants and other individuals that have signed Exhibit A are a "Receiving Party") for no other purpose other than to be used: (i) in the 1782 Proceeding; (ii) in the criminal prosecutorial investigation opened by the Office of the Military Prosecutor (the Auditorat Militaire Supérieur, or the "AMS") of Bukavu in the Democratic Republic of Congo (the "DRC") designated as Dossier RMP 2816/MAK/2022/KND/ANG/2023 (the "DRC Investigation") for the criminal prosecution of, and any related civil proceedings against, the alleged perpetrators in the DRC Investigation in the DRC (the "Alleged Perpetrators"); (iii) in legal proceedings in the DRC seeking accountability for the conduct in the Kahuzi-Biega National Park ("KBNP") that is the subject of the DRC Investigation; or (iv) in connection with the taking of discovery from any party who is already the recipient of the Material as permitted herein.

3.      A Receiving Party may request to use Material in legal actions not listed in 2(i)-(iii). In order to advance principles of judicial efficiency, upon request of the Receiving Party and after engaging in good faith, the Producing Party agrees to permit the use of Material in other legal actions that would plainly meet the statutory requirements of Section 1782. In the event that the Parties disagree as to whether such requirements are met, the Receiving Party may seek an expedited determination from the Court.

4.      No person subject to this Stipulation may disclose Material designated as Confidential or Highly Confidential (as defined below) to anyone else, except as this Stipulation

2

expressly permits, or this Court or a court of the DRC or other competent legal mechanism with jurisdiction over the subject matter of the DRC Investigation so orders. The protections conferred by this Stipulation cover not only Confidential Material or Highly Confidential Material but also any information copied or extracted from Confidential Material or Highly Confidential Material that is not already in the public domain; all copies, excerpts, summaries, or compilations of Confidential Material or Highly Confidential Material; and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Material or Highly Confidential Material.

5.    For the avoidance of doubt, nothing in this Stipulation shall be deemed to prevent public rights of access to documents in accordance with the law. Additionally, nothing herein shall prevent or limit Counsel from providing advice to their clients, provided that such advice does not disclose the substance of Confidential or Highly Confidential Material in a manner that would violate this Stipulation.

## B. CONFIDENTIAL DESIGNATIONS

6.    The Producing Party may designate sensitive material as "Confidential" only if it contains or discloses information that in the good faith judgment of the Producing Party: (i) contains or constitutes nonpublic proprietary or confidential technical, business, financial, private, personal, or commercial information, or other information the disclosure of which would cause annoyance, embarrassment, oppression, or undue burden or expense, pursuant to Rule 26; (ii) is protected by a right to privacy under federal or state law, any other applicable law, or any other applicable privilege or right related to confidentiality or privacy; or (iii) is the subject of another confidentiality agreement or obligation, or any other statute, regulation, contract, agreement, rule or applicable law that prevents its disclosure. Materials so designated are referred to herein as "**Confidential Material.**"

3

7.    Certain Confidential Material may be designated "Highly Confidential" if the Producing Party in good faith believes that the risks to safety associated with its dissemination cannot adequately be covered by the protections afforded to information designated Confidential. For the avoidance of doubt, such Material may include highly sensitive personal information or other highly sensitive or proprietary information regarding the victims, whistleblowers, the Producing Party or its affiliates, subsidiaries, partners, and/or clients. Materials so designated are referred to herein as **"Highly Confidential Material."** Any Material designated "Highly Confidential" shall be produced with a log briefly explaining the heightened risks warranting the designation. Where necessary to protect safety, the Producing Party may redact Highly Confidential Material, provided that the Producing Party also produces an un-redacted version to Applicants' counsel upon their request. The un-redacted version of such Highly Confidential Material will be designated and referred to herein as **"Highly Confidential Material – Attorneys' Eyes Only."**

8.    All material designated as Confidential, Highly Confidential, or Highly Confidential – Attorneys' Eyes Only produced by any Producing Party shall bear the legend "Confidential," "Highly Confidential," or "Highly Confidential – Attorneys' Eyes Only," respectively, on each page, in addition to an appropriate Bates-stamp designation indicating the Producing Party. Such markings will be made in a manner that does not interfere with the legibility of the Material.

9.    Information or testimony disclosed at a deposition in the 1782 Proceeding may be designated as Confidential Material or Highly Confidential Material by Respondent through Respondent's counsel, who in good faith determines that the information or testimony meets the definition of Confidential Material or Highly Confidential Material provided in paragraphs 6 or 7,

4

respectively. To designate such information or testimony as Confidential Material or Highly Confidential Material, Respondent's counsel shall (i) identify on the record at the deposition those portions of the testimony that are designated as Confidential Material or Highly Confidential Material, or (ii) within ten (10) calendar days after receipt of the final version of the transcript from the deposition, provide written notification to all Receiving Parties through the Receiving Parties' counsel of record those pages and lines of the transcript that are to be designated as Confidential Material or Highly Confidential Material. If Respondent's counsel declares in good faith at a deposition that the deposition may contain Confidential Material or Highly Confidential Material, in the intervening period between the date of the deposition and ten (10) calendar days after Respondent receives a copy of the final version of the deposition transcript, the entire transcript (including any and all drafts), video, and any other recording of the deposition shall be treated as Highly Confidential Material consistent with this Stipulation. Each page of the deposition transcript designated in whole or in part as Confidential Material or Highly Confidential Material shall be marked as "Confidential" or "Highly Confidential," respectively by the court reporter.

10.    The Producing Party that designates information or items for protection under this Stipulation must take reasonable care to limit any such designation to specific Material that qualifies under the applicable standards. Such designation constitutes a representation by the Producing Party that, based on a good faith and reasonable inquiry, the Material qualifies for protection under the applicable standards. The Producing Party must designate for protection only those parts of the Material that qualify so that other portions of the Material for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulation. If it comes to a Producing Party's attention that Material designated for protection does not qualify for that level

5

of protection, that Producing Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

11.    A Producing Party's failure to designate Material as "Confidential" or "Highly Confidential" at the time of production or ten (10) calendar days after Respondent receives a copy of the final version of the deposition transcript may be remedied by a supplemental written notice to counsel for Applicants sent within a reasonable time, who in turn will notify all other Receiving Parties in possession of such Confidential or Highly Confidential Material within a reasonable time. Upon receiving such written notice, all Receiving Parties shall thereafter treat the designated materials as so designated in accordance with the terms of this Stipulation.

12.    The designation of a document or information as Confidential Material or Highly Confidential Material is without prejudice to the right of any Receiving Party to challenge in this Court such designation, pursuant to Section E of this Stipulation.

## C. TREATMENT OF CONFIDENTIAL MATERIAL

13.    Confidential Material produced or provided by a Producing Party shall be held by all Receiving Parties and their undersigned counsel in strict confidence. Unless required by law or court order, or unless agreed otherwise with the Producing Party in writing, such Confidential Material shall not be given, shown, made available or communicated in any way to anyone other than:

(i) undersigned counsel for Applicants and paralegals, legal assistants, technical, administrative and clerical employees, as well as other attorneys or research staff, working under the direct supervision of such counsel, including any outside vendor providing litigation support and photocopying services for such counsel;

(ii) attorneys, clerical, paralegal and other staff employed by or working with (including any outside vendor providing litigation support and photocopying services) outside counsel

6

for a Receiving Party for whom access under this paragraph is reasonably necessary to assist with such representation;

(iii) in-house counsel for, or a person who otherwise holds an active bar membership in any jurisdiction and is employed by, a Receiving Party (or any of their investment managers, investment advisors, and general or limited partners, as applicable);

(iv) any expert or consultant retained by or on behalf of a Receiving Party in connection with the DRC Investigation or the 1782 Proceeding;

(v) court reporters and their employees presiding over a deposition or hearing in the DRC Investigation or the 1782 Proceeding;

(vi) the AMS as well as any other DRC government actor required to prosecute the Alleged Perpetrators in the DRC Investigation (each a "DRC Prosecution Party" and collectively, the "DRC Prosecution Parties"), the presiding court's personnel in any hearing before a DRC military court or any other competent court of the DRC (the "DRC Court"), or the U.S. District Court in the 1782 Proceeding, respectively; and

(vii) any mediator, arbitrator, special master, or settlement officer, and their supporting personnel engaged in connection with the 1782 Proceeding or the DRC Investigation.

14.    Persons listed in groups (iii), (iv), and (vii) may be given access to Confidential Material only after counsel for a Receiving Party has provided each such person a copy of this Stipulation and causes each such person to first execute the certificate in the form attached as Exhibit A (except that this requirement does not apply to any currently active judicial officer engaged in connection with (vii)). Any person who executes the certificate in the form attached as Exhibit A agrees to submit to the jurisdiction of the United States District Court for the Southern District of New York for any enforcement of this Stipulation or other disputes arising out of or

7

related to the use or disclosure of the Confidential Material pursuant to the Stipulation. Counsel for that Receiving Party shall be responsible for holding all such executed certificates. Upon written request from the Producing Party, counsel for an Applicant shall provide the Producing Party with copies of any and all executed certificates held by such Applicant and by counsel to all Receiving Parties to whom such Applicant provided Material, within ten (10) calendar days of such request.

15.    The persons listed in groups (i), (ii), (iii), (v) and, (vi) shall be allowed access to Highly Confidential Material consistent with the requirements set forth in paragraph 13. The persons listed in groups (iv) and (vii) shall be allowed access to Highly Confidential Material only after counsel for a Receiving Party has provided each such person a copy of this Stipulation and causes each such person to first execute the certificate in the form attached as Exhibit A hereto (except that this paragraph does not apply to any currently active judicial officer engaged in connection with groups (vii) or any persons who have already signed Exhibit A in accordance with the procedure in paragraph 14). Counsel for that Receiving Party shall be responsible for holding such executed certificates.

16.    Confidential and Highly Confidential Material must be stored and maintained by a Receiving Party at a location and in a commercially reasonable manner sufficiently secure to ensure that access is limited to the people authorized under this Stipulation.

17.    Any Receiving Party who intends to use Confidential Material and/or Highly Confidential Material at a deposition shall ensure that any person(s) not permitted access to such Material under the preceding paragraphs shall be excluded from any portion of any such deposition at which such Confidential Material or Highly Confidential Material is used. The court reporter transcribing the testimony at such deposition shall not be so excluded.

8

## D. USE OF CONFIDENTIAL MATERIALS IN THE DRC INVESTIGATION

18.    Nothing in this Stipulation will prevent any Receiving Party from relying on or using Confidential or Highly Confidential Material in the DRC Investigation in compliance with all agreed and ordered procedures applicable under this Stipulation and in the DRC Investigation, provided however, that prior to using any of a Producing Party's Confidential or Highly Confidential Material in a public filing, at trial or at a hearing in the DRC Court in a proceeding against the Alleged Perpetrators or other proceeding against the Alleged Perpetrators in the DRC Investigation, or in any other manner in the DRC Investigation or in a DRC Court by which such Material could be publicly disclosed, such Receiving Party (i) will use its reasonable best efforts to restrict the public disclosure of the Materials and keep such Materials confidential, including but not limited to filing any and all such Materials under seal in the DRC Court, or (ii) to the extent such Materials cannot be filed under seal or otherwise be maintained in confidence, will provide the Producing Party at least fourteen (14) calendar days' written notice. This pre-filing notice shall identify the specific Bates ranges of the Material that the Receiving Party seeks to use in such filing, or at such trial, hearing or proceeding, or in such other manner, so that the Producing Party will have the opportunity to apply to the DRC Court in the DRC Investigation for an order to restrict public disclosure of such Materials.

19.    Except as provided in Section H and paragraph 38 of this Stipulation, all questions related to the manner in which Confidential Material or Highly Confidential Material could be publicly disclosed in a public filing, at a trial, hearing or other proceeding, or in any other manner where such material could be publicly disclosed in the DRC Investigation or in a DRC Court, shall be heard and resolved only by the DRC Court. Nothing herein precludes this Court from considering the rulings by the DRC Court regarding the disclosure of Confidential or Highly

9

Confidential Material in connection with any dispute regarding the disclosure of Confidential or Highly Confidential Material.

20.    In the event that a Producing Party files a request with the DRC Court for any further protection concerning the use of Confidential Material or Highly Confidential Material in the DRC Investigation or in a DRC Court, any Receiving Party wishing to use such Confidential Material or Highly Confidential Material shall not use the Confidential Material or Highly Confidential Material in question in a manner inconsistent with this Stipulation unless and until the DRC Court rules on the Producing Party's application for an order to restrict public disclosure, or as otherwise agreed by the Producing Party.

## E. CHALLENGING DESIGNATIONS

21.    Nothing in this Stipulation shall be construed as an acknowledgement by the Receiving Party that any Material designated as Confidential or Highly Confidential is in fact confidential. No Receiving Party shall be obligated to challenge the propriety of a confidentiality designation, and failure to do so shall not preclude a subsequent challenge to such designation.

22.    If, in good faith, any Receiving Party objects to the designation or treatment of any specific Confidential Material or Highly Confidential Material, the Receiving Party shall so state by letter to counsel for the Producing Party. The Producing Party will have fourteen (14) days after receipt of a challenge notice to advise the Receiving Party whether or not it will change the designation. After the expiration of this fourteen-day time frame, counsel for the Receiving Party and counsel for the Producing Party shall confer within the next twenty one (21) days, in good faith, to resolve any dispute concerning the designation and treatment of the specified Confidential Material or Highly Confidential Material. In the event that the Producing and Receiving Parties are unable to resolve any dispute concerning the treatment of such Confidential Material or Highly Confidential Material, the Receiving Party in accordance with this Court's individual rules may

10

move for permission to file materials under seal, and, barring any order from this Court to the contrary, may file an application with this Court, under seal, challenging the designation of such Confidential Material or Highly Confidential Material. In its application to this Court, the Receiving Party shall identify the specific documents to which it objects as well as the basis for its objection as to each document. This stipulation shall not alter the burden of proof or persuasion in any such proceeding. Pending determination of such application, the challenged Confidential Material or Highly Confidential Material shall continue to be treated in accordance with its original designation.

23.    Only Receiving Parties shall have the ability to challenge any Confidential or Highly Confidential designation, or any other designation, including privilege, work product, or other statutory or legal protections asserted by the Producing Party. Any such challenges shall be made in this Court. The Producing Party reserves the right to oppose any such application.

24.    The Parties reserve any right that may exist to seek reasonable costs and attorneys' fees incurred in presenting or opposing any such challenges or in seeking or responding to any other form of relief in connection with this Stipulation, as well as the right to oppose any such application.

**F. INADVERTENT PRODUCTION**

25.    Each person who has access to Material designated as Confidential or Highly Confidential pursuant to this Stipulation must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. Should any Confidential or Highly Confidential Material be disclosed inadvertently or unintentionally by the Receiving Party to any person not authorized under this Stipulation, the Receiving Party shall use reasonable efforts to mitigate any violation of this Stipulation by: (i) immediately informing the person of all the provisions of this Stipulation; (ii) immediately disclosing to the Producing Party the Confidential Material or Highly

11

Confidential Material inadvertently disclosed; and (iii) promptly taking steps to retrieve or to confirm the destruction of all copies of the inadvertently disclosed Confidential Material or Highly Confidential Material.

26. In this litigation, if a party or nonparty ("Disclosing Party") inadvertently discloses information that is subject to a claim of attorney-client privilege or work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information or its related subject matter in this litigation or in any other court or legal proceeding.

27. If at any time the Disclosing Party discovers that it has disclosed Inadvertently Disclosed Information, it shall within ten (10) calendar days after learning that it inadvertently or mistakenly produced such information: (i) notify all parties in writing of the inadvertent disclosure; (ii) identify all Inadvertently Disclosed Information; and (iii) explain the circumstances surrounding its discovery that it inadvertently produced the information, including the date of such discovery.

28. Upon receiving the Disclosing Party's notice, each party that receives such notice ("Noticed Party") shall within ten (10) calendar days: (i) return, destroy, sequester, or delete all copies of the Inadvertently Disclosed Information; (ii) take reasonable steps to retrieve the Inadvertently Disclosed Information if it was disseminated by the Noticed Party prior to such notification; and (iii) provide a certification of counsel that all such information has been returned, destroyed, sequestered, or deleted.

29. Even if the Noticed Party objects (or intends to object) to the Disclosing Party's privilege or protection claim, it shall refrain from any further use, disclosure, or dissemination of

the Inadvertently Disclosed Information in any way (including, but not limited to, using the information at depositions or trial) until the Court rules on the privileged or protected status of the Inadvertently Disclosed Information.

30. The Disclosing Party must preserve the Inadvertently Disclosed Information until either: (i) each Noticed Party concedes that it is privileged or protected; or (ii) the Court resolves any disputes as to whether the Inadvertently Disclosed Information is privileged or protected.

31. At any time after receiving the Disclosing Party's privilege log, a party may notify the Disclosing Party in writing of its objection to a claim of privilege or work product protection with respect to the Inadvertently Disclosed Information. Within ten (10) calendar days of the receipt of such notification, the Disclosing Party and the objecting party shall meet and confer in an effort to resolve any disagreement concerning the Disclosing Party's privilege or work product claim.

32. The Disclosing Party bears the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right to request an *in camera* review of the Inadvertently Disclosed Information.

## G. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER ACTIONS.

33. If any Receiving Party is served with a legally binding demand (e.g., subpoena, document request, order, interrogatory, or civil investigative demand) (collectively, a "Demand")) issued in any other action, investigation or proceeding in any jurisdiction and such Demand seeks materials designated as Confidential or Highly Confidential under this Stipulation, the Receiving Party shall give prompt written notice of such Demand within five (5) calendar days of receipt of the Demand to the Producing Party. The Receiving Party also must promptly inform in writing the party who caused the Demand to issue that some or all of the material covered by the Demand is

the subject of this Stipulation, and must deliver a copy of this Stipulation promptly to the party that caused the Demand to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Stipulation and to afford the Producing Party a reasonable opportunity to seek a protective order or other court relief from production. It shall be the burden and expense of the Producing Party and not of the Receiving Party to seek a protective order or other court relief from production. Where consistent with its legal obligations, the Receiving Party will not comply with the Demand unless and until the Producing Party has had a reasonable opportunity to file a motion to challenge or limit compliance with the Demand, and will wait for the resolution of any such action initiated by the Producing Party prior to complying with the legally binding demand.

## H. MISCELLANEOUS

34. Except as provided otherwise by any subsequent order of the Court, within sixty (60) calendar days after receiving notice of entry of an order, judgment or decree finally disposing of the DRC Investigation (including appeals and any related civil proceedings against the alleged perpetrators), or as otherwise agreed by all Parties, all Receiving Parties in possession of Confidential Material or Highly Confidential Material shall use all commercially reasonable efforts to return such material, including all copies, summaries and excerpts thereof, to counsel for the Producing Party, or destroy them. If the material is destroyed, counsel for the Receiving Party shall, upon the Producing Party's request, certify in writing to counsel for the Producing Party that all such material within its possession, custody, or control has been destroyed. Notwithstanding the foregoing, counsel for the Receiving Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product that include or refer to the Confidential or Highly Confidential Material, provided that such counsel, and employees of such counsel, shall not disclose any such material in such court papers, deposition or trial transcripts or attorney work

14

product to any person or entity, except pursuant to Court order, the requirements of DRC law and rules of procedure, or written agreement with the Producing Party or use such material for any purpose. The Producing Party shall retain all Material until the earlier to occur of (i) eight (8) years following entry of an order, judgment or decree finally disposing of the DRC Investigation (including appeals and any related civil proceedings against the alleged perpetrators) or (ii) ten (10) years following the date of completion of discovery in the 1782 Proceeding.

35.     Notwithstanding any provision contained herein, nothing in this Stipulation shall restrict in any way the right of any Party to use without restriction: (i) its own documents or information; (ii) confidential information that is made public by order of the DRC Court; (iii) information that had been designated as Confidential or Highly Confidential but that this Court has ruled is not Confidential or Highly Confidential pursuant to paragraph 22 of this Stipulation; (iv) documents or information developed or obtained by a Receiving Party independently of discovery in this action; and (v) documents or information that are generally available to the public, excluding those Confidential or Highly Confidential Materials that become available to the public through breach of this Order and as such those Materials will remain Confidential or Highly Confidential in accordance with this Stipulation.

36.     This Stipulation shall be deemed effective as to each Party, its attorneys, agents, and representatives, upon execution by all Parties. When effective, this Stipulation applies to any Material provided prior to and after its execution.

37.     This Stipulation shall remain binding after the conclusion of the 1782 Proceeding and the DRC Investigation. The confidentiality obligations imposed by this Stipulation will remain in effect and will continue to be binding on all persons to whom Confidential or Highly

15

Confidential Material is produced or disclosed until the Producing Party agrees otherwise in writing or this Court orders otherwise.

38.    The Parties agree to subject themselves to the jurisdiction of this Court for the purpose of proceedings relating to the performance under, compliance with, or violation of the Stipulation. Except as set forth herein, during the pendency of this case only, the Court shall have exclusive and sole jurisdiction over the interpretation and enforcement of this Stipulation. Except as provided in paragraph 19 of this Stipulation, any dispute concerning this Stipulation, including but not limited to a dispute between a Producing Party and a Receiving Party, shall be heard in the United States District Court for the Southern District of New York. The Parties agree that disclosure of information designated as "Confidential" and "Highly Confidential" in violation of this Stipulation may constitute contempt of court.

39.    The terms of this Stipulation shall not be modified except upon written stipulation by counsel for the Parties, or by Order of this Court. Nothing contained herein shall preclude any Party from seeking an order of the Court modifying or supplementing this Stipulation.

**STIPULATED AND AGREED:**

Dated: New York, New York
      January 21, 2026


EarthRights International

By:    */s/ Sydney Speizman*
       Sydney Speizman
       Benjamin Hoffman
       1400 K St NW, Suite 750
       Washington, D.C. 20005
       Telephone: (202) 466-5188
       Facsimile: (202) 466-5189

       *Attorneys for Applicants*


KIRKLAND & ELLIS LLP

By:    */s/ Aaron Marks, P.C.*
       Aaron Marks, P.C.
       601 Lexington Avenue
       New York, New York 10022
       Telephone: (212) 446-4800
       Facsimile: (212) 446-4900

       *Attorneys for Respondent*
       *Wildlife Conservation Society*


SO ORDERED.

Dated: _Feb 5_ , 2026

HON. ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE